(No. 1036—

LAURA A. MERCER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

*Rehearing denied September 13, 1927.*

C. W. MIDDLEKAUFF AND PHILIP H. WARD, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant in this case is administratrix of the estate of Jack Mercer, deceased, who was killed in an automobile accident on a state paved road near Elizabeth, February 10, 1926. Briefly stated the facts shown by the evidence are as follows: About a week before his death deceased had been subpoenaed to be in attendance on the circuit court at Galena on February 10th, as a witness for the people in a murder case. On February 9th, deceased asked O. W. Kempster, a sergeant of the state highway police, how he was supposed to go to Galena for the trial. Kempster told him he did not know. Kempster then went to the depot and learned one could not get from Sterling to Galena by train before 3 o'clock in the afternoon of the following day. He then called up A. C. Van Gorder, a member of the state highway police who lived at Freeport and who was also a witness in the same case, and asked him if he would take Mercer with him from Freeport to Galena the next morning. Van Gorder replied that he would

do so if the bus arrived at Freeport on time. Kempster then saw deceased again and told him he could not get to Galena by train in time for the trial and that if he would take the bus to Freeport and got there on time Van Gorder would take him in his car from there to Galena. This arrangement was satisfactory to deceased, and he went to Freeport the next morning on the bus. On arrival there he got in the rear seat of Van Gorder's car, Van Gorder and Clifford Taylor being in the front seat. They started to Galena and when within about a mile of Elizabeth Van Gorder attempted to go round a car ahead of him being driven by Freeman Hancock. Hancock speeded up his car so Van Gorder could not or did not pass him. About this time an oil truck driven by C. F. Williams was seen coming from the opposite direction. Van Gorder then dropped back behind Hancock's car. Hancock slowed down his car and Van Gorder applied his brakes to prevent hitting Hancock's car. The pavement was slippery with snow and Van Gorder's car skidded and collided with the truck. Van Gorder and Taylor were thrown out on the left side of the car and deceased was either thrown or jumped out on the right side, receiving injuries from which he shortly died.

The theory of claimant's declaration is that deceased was killed through the carelessness and negligence of an agent an officer of the State while such officer, in the line of his duty, was conveying him to Galena to testify as a witness for the State in a criminal prosecution and that the State is therefore liable to respond in damages for his death. The Attorney General has filed a general and special demurrer to the declaration, and takes the position that no liability attaches to the State either under the allegations of the declaration or the evidence introduced in support of them. We think this position is sound. No government is liable for injuries caused by the negligence, misfeasance, laches or unauthorized exercise of power of its officers. (*Hollenbeck* v. *Winnebago Co.*, 5 Ill. 148; *Minear* v. *State Bd. of Agricul.*, 259 Ill. 549). It has been repeatedly held by this court, the courts of many states and the supreme court of the United States that a state is not liable for the torts of its officers.

But it is urged that the claim should be allowed as a matter of equity. There is nothing in the record of this case to call for equitable relief. The State, being sovereign, cannot

be sued, either at law or in equity, without its consent. In order that there might be a forum in which claims and demands against the State could be adjudicated in accordance with the well known principles of law and equity the legislature created the court of claims, and gave it jurisdiction to hear and decide all claims and demands against the State, both legal and equitable. It was not the intention of the legislature in creating this court to give it unlimited power or jurisdiction to make awards to claimants, and it has no power to make an award unless the evidence shows the claimant has a just demand based on either legal or equitable principles. The facts in this case do not bring it within these rules. Van Gorder, with whom deceased was riding when killed, was only a witness going to attend the same trial as deceased. He was not on duty as a police officer at the time of the accident, and was only carrying deceased as a matter of accommodation to him. Deceased was not in the custody of Van Gorder or of any other officer of the State at the time he was killed, nor had any officer of the State compelled him to go to Galena with Van Gorder. He had been subpoenaed as a witness in a murder trial and it was his duty to obey that writ, just as Van Gorder was doing. Having no means of conveyance and being unable to reach Galena by train in time for the trial he voluntarily went to Freeport by bus and started from there with Van Gorder. By no stretch of the imagination can the facts in this case be held to create an equitable cause of action against the State.

The demurrer is sustained, the claim denied and cause dismissed.

On September 13, 1927, upon petition for rehearing the following additional opinion was filed:

Claimant has filed a petition for a re-hearing which is but a re-argument of the evidence taken in the cause. Counsel for claimant have evidently misconstrued the opinion, as they say it is based on the theory that the rule of *respondeat superior* is applicable to the State. The opinion expressly states the contrary to be the rule in the following language: "No government is liable for injuries caused by the negligence, misfeasance, laches or unauthorized exercise of power of its officers. It has been repeatedly held by this court, the courts of many states and the Supreme Court of the United States that a state is not liable for the torts of its officers."

The case has been carefully considered and as the petition for a rehearing does not point out any facts or principles of law that were overlooked by the court, it is denied.